UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX SALCIDO,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF MOUNTAIN VIEW, et al.,<br><br>    Defendants. | Case No. 24-cv-08833-NC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND; DENYING PARTIES' REQUESTS FOR JUDICIAL NOTICE**<br><br>Re: ECF 24, 32, 35 |

    This case arises from Plaintiff Felix Salcido towing Defendant Ellen Kamei and Defendant Christopher Takeuchi's car. Plaintiff alleges that Kamei and Takeuchi used Kamei's status as a City of Mountain View council member to initiate an investigation by Defendant Sergeant Christopher Goff of Plaintiff's towing practices, which led to Plaintiff's "investigatory detention" and felony charge.

    Defendants Kamei, Takeuchi, Goff, and the City of Mountain View brought three separate motions to dismiss Plaintiff's First Amended Complaint (FAC). All parties also brought multiple requests for judicial notice. For the following reasons, the Court GRANTS all three motions to dismiss with leave to amend and DENIES all parties' requests for judicial notice.

**I.   BACKGROUND**

**A.   Factual Background**

Plaintiff's FAC alleges the following facts.

On or around April 12, 2023, Plaintiff was working as a tow truck driver for Ed's Tow & Cradle in Mountain View, California. ECF 19 (FAC) at 4. Ed's Tow & Cradle contracted with a company located at 745 Evelyn Avenue, Mountain View, California (hereinafter, the "subject property") to assist the company with tows of unauthorized vehicles in the reserved parking spots. *Id.*

On April 12, 2023, Mountain View City council member Ellen Kamei and her husband, Christopher Takeuchi, parked their vehicle, a Volvo, in the reserved spots at the subject property. *Id.* at 4, 9. Other citizens also parked their vehicles in the reserved spots. *Id.* at 4. There were visible signs that stated that any non-authorized vehicle parked in the reserved spots would be subject to tow. *Id.*

Plaintiff saw Kamei and Takeuchi's Volvo, towed it per the agreement to tow unauthorized vehicles, and reported the tow to the Mountain View Police Department per regulations. *Id.* at 5. Plaintiff also towed a Honda and a Tesla. *Id.*

Kamei and Takeuchi went to Ed's Tow Shop to pick up their vehicle at around 8:45 p.m. on April 12, 2023. *Id.* Takeuchi had an aggressive demeanor and repeatedly demanded Kamei to "call the captain." *Id.* Kamei angrily asked Plaintiff why she was towed. *Id.* at 6. After Plaintiff responded, Kamei claimed that she "looked up that company, that's not even a real company, you can't even find them online." *Id.* Kamei and Takeuchi then paid the tow bill and left with their vehicle. *Id.*

Kamei and Takeuchi then, using Kamei's position, status, and access as city council member, jointly reached out to Kamei's contacts at the Mountain View Police Department to complain about the tow and get back at Plaintiff. *Id.* at 7. Kamei and Takeuchi falsely reported that Plaintiff had illegally towed their vehicle. *Id.* Kamei and Takeuchi did not use normal channels to report their complaints, such as calling 911 or the non-emergency number, but instead reported to a high-ranking official at the Mountain View Police

2

Department. *Id.* at 7–8. Kamei and Takeuchi also, through their own channels and maneuvers, had the matter assigned to Defendant Sergeant Christopher Goff and gave directives to exclude them in the official paper trail investigation. *Id.* at 8.

Goff was notified of the potential unlawful towing at the subject property on April 13, 2023, at 6:45 a.m. *Id.* at 7. Goff purposefully omitted Kamei and Takeuchi from his police report to spare Kamei allegations of political corruption and misuse of political influence. *Id.* at 8.

In his investigation, Goff spoke with the manager of the subject property's reserved spaces. *Id.* Goff interrogated Plaintiff as well. *Id.*

Goff also saw the clearly marked reserved parking signs that threatened to tow unauthorized vehicles. *Id.*

Goff also requested a query of all private property tows at the subject property and noted a total of 10 between March 20, 2023, and April 13, 2023. *Id.* Plaintiff towed three vehicles from the subject property on April 12, 2023, but Goff incorrectly reported only a 2018 Tesla and 2005 Honda as the two must recently towed vehicles. *Id.* at 9. However, the two most recently towed vehicles were the Honda and Kamei's Volvo. *Id.*

Goff then contacted the owners of the other towed vehicles and claimed their vehicles had allegedly been subjected to an illegal tow. *Id.* at 10. Goff encouraged the Tesla owner to press charges against Plaintiff. *Id.* At least one owner felt that Goff attempted to pressure and influence him to retaliate against Plaintiff. *Id.* Goff did not include information about calling the other vehicle owners in his report. *Id.*

Goff finalized and approved his police report and did not have any other officer review his report. *Id.* The report sat for 13 months before Goff had a records specialist, Alicia Farias, submit and present the report as the application for an arrest warrant to Magistrate Judge Matthew Harris. *Id.* at 11.

The District Attorney brought a felony charge against Plaintiff for a violation of California Vehicle Code 10851(a), the taking or unauthorized use of a vehicle with intent to temporarily deprive the owner of possession. *Id.* at 12. In doing so, the District

Attorney relied on Goff's report. *Id.* Plaintiff fought the charge, and it was ultimately dismissed in his favor. *Id.*

### B. Procedural Background

Plaintiff filed his initial complaint on December 9, 2024. ECF 6. After Defendants moved to dismiss and strike his initial complaint, Salcido filed his First Amended Complaint (FAC). ECF 12; ECF 16; ECF 17; ECF 19 (FAC).

Defendants then filed three separate motions to dismiss Plaintiff's FAC under the Federal Rule of Procedure 12(b)(6). Takeuchi filed at ECF 24 (Takeuchi Mot.), the City of Mountain View and Goff filed at ECF 32 (City Mot.), and Kamei filed at ECF 35 (Kamei Mot.). Plaintiff opposed all three motions to dismiss. ECF 31 (Opp'n to Takeuchi); ECF 44 (Opp'n to the City); ECF 45 (Opp'n to Kamei). Defendants separately replied to Plaintiff's three oppositions. ECF 41 (Takeuchi's Rep.); ECF 47 (City's Rep.); ECF 50 (Kamei's Rep.). The Court addresses all three motions to dismiss in this Order.

All parties have consented to magistrate judge jurisdiction. ECF 11; ECF 13; ECF 21.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct

4

alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**III. DISCUSSION**

**A. The Court denies all of Plaintiff's and Defendants' requests for judicial notice.**

When ruling on a motion to dismiss, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). A court can take judicial notice of "a fact that is not subject to reasonable dispute" because it is "generally known" within the court's jurisdiction or can be "accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201. If the documents presented are not relevant to the legal issues before the court, the court can decline to take judicial notice of them. *See Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 399 n.7 (9th Cir. 2000). If additional documents are presented, a court must either exclude them or convert the motion to dismiss into a Rule 56 motion for summary judgment. Fed. R. Civ. P. 12(d).

Here, all parties attached additional documents for the Court to consider when evaluating the three motions to dismiss. ECF 24-1; ECF 31-1; ECF 31-2; ECF 33; ECF 35-1; ECF 44-1; ECF 44-2; ECF 46-1; ECF 46-2; ECF 48. Consequently, before evaluating the merits of the motion to dismiss, the Court must determine whether to judicially notice the documents, exclude them, or convert the motion.

Plaintiff requests the admission of three declarations made by Plaintiff at ECF 31-1, ECF 44-1, and ECF 46-2. The Court declines to take judicial notice of these declarations as the alleged facts in the declaration are not generally known and are subject to reasonable dispute.

Plaintiff, Kamei, the City of Mountain View, and Takeuchi request judicial notice of the May 8, 2024, arrest warrant for Felix Salcido signed by Magistrate Judge Matthew

S. Harris. ECF 31-2; ECF 44-1; ECF 46-2, Fact 1; ECF 24-1; ECF 33, Fact 1; ECF 35-1, Fact 1. Kamei and the City of Mountain View also request judicial notice of Articles V and VI of the Charter of the City of Mountain View. ECF 35-1, Fact 2; ECF 33, Facts 2 and 3. Kamei additionally requests judicial notice of an order allowing 21 days extra time to file the underlying motion pursuant to stipulation. ECF 35-1, Fact 3. The Court DENIES all of these requests for judicial notice because it did not rely upon these requested documents in reaching its conclusion in this Order.

The City of Mountain View also requests judicial notice of the agenda for the December 10, 2024, meeting of the City Council of the City of Mountain View. ECF 48. The Court DENIES this request because the request was improperly made in conjunction with a reply brief.

As such, all requests for judicial notice in ECF 24-1, ECF 31-1, ECF 31-2, ECF 33, ECF 35-1, ECF 44-1, ECF 44-2, ECF 46-1, ECF 46-2, and ECF 48 are DENIED.

### B. Plaintiff did not sufficiently allege a Fourth Amendment malicious prosecution under Section 1983 against Goff or Kamei.

Plaintiff brings a 42 U.S.C. § 1983 claim against Goff and Kamei, alleging that they engaged in malicious prosecution against Plaintiff in violation of his Fourth Amendment right to be free from unreasonable search and seizure. FAC at 16.

To bring a Fourth Amendment malicious prosecution claim under § 1983, a plaintiff "must show that a government official charged him without probable cause, leading to an unreasonable seizure of his person." *Chiaverini v. City of Napoleon, Ohio,* 602 U.S. 556, 558 (2024) (citing *Thompson v. Clark*, 596 U.S. 36, 43 (2022)). Malicious prosecution actions may be brought against "persons who have wrongfully caused the charges to be filed." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (citing *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1126–27 (9th Cir. 2002)).

The Court finds that Plaintiff failed to sufficiently allege malicious prosecution against both Goff and Kamei.

### 1. Plaintiff did not sufficiently allege that Goff's omissions were material to probable cause.

Plaintiff alleges that Goff engaged in malicious prosecution when he inaccurately "investigated, prepared his report, and recommendations" that were used in the arrest warrant application and relied upon by the district attorney to charge Plaintiff.[1] FAC at 16. The Court finds that as alleged, Goff's preparation of a flawed police report is not sufficient to plead malicious prosecution against Goff.

To begin, Plaintiff is unable to show that there was a lack of probable cause for either his arrest warrant or his felony charge. While Plaintiff conclusorily alleges that there was no probable cause for either, he is unable to show why. *Id*. Plaintiff only alleges that Goff's report "contained false and or [sic] critically important omitted information." *Id*. However, to prevail on a claim of judicial deception, Plaintiff "must show that the defendant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause." *Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009) (citations omitted).

Here, Plaintiff alleges Goff's report was deceptive because (1) Goff incorrectly named the two most recent vehicles towed, and (2) Goff did not include any information about calling other vehicle owners. FAC at 9–10. While Plaintiff alleges that these omissions were deliberate, he fails to argue that they were material to the finding of probable cause. *Id.* at 7, 9, 14. The Court finds that probable cause still exists in Plaintiff's arrest warrant and charge even if the report was corrected and supplemented with these two omissions. *See Ewing*, 588 F.3d at 1233 (stating that if the officer omitted facts, the court determines whether the report, once corrected and supplemented,

---

[1] It is unclear to the Court whether Plaintiff is also alleging that Goff's alleged detention of Plaintiff additionally violated Plaintiff's Fourth Amendment rights. FAC at 16 ("Plaintiff was unlawfully detained and arrested for a prolonged period by Defendant Goff . . . via his recommendations and investigation."). While Goff addresses this issue in his motion to dismiss, Plaintiff does not, and only argues that he "sufficiently pled a malicious prosecution claim against Defendant Goff." City Mot. at 6; Opp'n to City at 9. The Court therefore finds that Plaintiff waived this argument. Regardless, as explained in Section II.C.1., as currently pled, Goff's interrogation did not amount to a constitutional violation.

7

establishes probable cause). The omitted statements do not detract from the probable cause that stemmed from the Tesla owner's charges.

As such, the Court finds that Plaintiff failed to sufficiently allege that Goff's omissions in his police report were material to probable cause and thus DISMISSES Plaintiff's § 1983 claim against Goff.

### 2. Plaintiff did not sufficiently allege that Kamei was acting under the color of the law.

Plaintiff alleges that Kamei engaged in malicious prosecution when she falsely reported to the Mountain View Police Department that she was illegally towed, thereby "initiat[ing] and direct[ing] and or caus[ing] an investigation" into Plaintiff. FAC at 16.

Defendant argues that Kamei was not acting under the color of state law when she made her report to the Mountain View Police Department, a necessary component of a § 1983 claim. Kamei Mot. at 7; 42 U.S.C. § 1983. Plaintiff's Opposition Brief to Kamei's Motion to Dismiss does not address whether Kamei acted under the color of state law. Opp'n to Kamei. In fact, it does not address Kamei's liability under § 1983 at all, and instead only addresses Kamei's Bane Act claim and Takeuchi's state law malicious prosecution claim. *Id.* at 9 (for example, stating that "Plaintiff has sufficiently pled a malicious prosecution claim against Defendant Takeuchi."). Because Plaintiff does not address Kamei's arguments in his opposition brief, the Court finds that Plaintiff abandoned his malicious prosecution claim against Kamei, or at the very least, conceded that Kamei was not acting under the color of law. *Shagoofa v. Eshaqzi*, Case No. 22-cv-01824-FWS-JDE, 2024 WL 1600657, at *3 (C.D. Cal. Feb. 26, 2024) ("'A failure to oppose [moving arguments in] a motion, as to a claim or an issue' may be deemed 'a waiver, abandonment, or concession of that claim or issue.'").

As such, the Court DISMISSES Plaintiff's §1983 claim against Kamei.

**C. Plaintiff failed to sufficiently allege that Goff, Kamei, Takeuchi, and the City of Mountain View violated the Bane Act by intentionally interfering with Plaintiff's right to be free from unreasonable search and seizure.**

Plaintiff alleges that the Goff, Kamei, Takeuchi, and the City of Mountain View violated the Bane Act by intentionally interfering, or attempting to interfere with, Plaintiff's rights under the Fourth Amendment and Article I, Section 13 of the California Constitution to be free from "unlawful, unreasonably invasive, or prolonged investigatory detention in the absence of probable cause."[2] FAC at 13.

The Tom Bane Civil Rights Act creates a cause of action where a person "interferes by threat, intimidation, or coercion . . . with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States[.]" Cal. Civ. Code § 52.1(a). To bring a claim under the Bane Act, the plaintiff must satisfy two elements: (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation, or coercion. *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015). Specific intent in element (1) comprises of two questions: first, "is the right at issue clearly delineated and plainly applicable under the circumstances of the case," and second, "did the defendant commit the act in question with the particular purpose of depriving the citizen victim of his enjoyment of the interests protected by that right?" *Sandoval v. Cnty. of Sonoma*, 912 F.3d 509, 520 (9th Cir. 2018) (cleaned up). The Bane Act applies with equal force to persons who do not act under color of law." *Id.*

---

[2] In his FAC, Plaintiff also alleges that Defendants violated his rights under Article I, Section 10 of the California Constitution, which states that witnesses may not be unreasonably detained. FAC at 13. However, Plaintiff does not argue or plead any facts to support this claim. The Court therefore DISMISSES Plaintiff's Bane Act claims against all Defendants concerning their violations of Article I, Section 10 of the California Constitution.

9

### 1. Plaintiff did not sufficiently allege that Goff subjected Plaintiff to a constitutionally protected seizure.

Plaintiff alleges that Goff intentionally interfered with Plaintiff's right to be free from unreasonable search and seizure when Goff "subjected him to an unreasonable detention and interrogation." FAC at 14. The Court finds that as currently alleged, the detention did not amount to a seizure protected by the Fourth Amendment, and thus, Goff could not have intentionally interfered with Plaintiff's rights under the Bane Act.[3]

Plaintiff's right to be free from unreasonable search and seizure was not plainly applicable in this case because Plaintiff failed to allege any facts or circumstances that his detention constituted a constitutionally protected seizure. *See Sandoval,* 912 F.3d at 520 (stating that while the right to be free from unreasonable seizure is generally well established, the court must look to whether there is anything vague about the application of the right under the circumstances of the case).

It is not enough for Plaintiff to allege that there was an encounter between him and Goff—he needed to allege that Goff, "by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 20 n.16 (1968). Plaintiff has not done so. At most, Plaintiff alleged that Goff was "aggressive, dismissive, and scornful." FAC at 9. He did not allege that he did not feel free to leave, nor did he provide any other details of the circumstances of the detention such that the Court could assess whether a reasonable person would have felt as such. *Brendlin v. California*, 551 U.S. 249, 255 (2007) (finding that when there is no unambiguous intent to restrain or when an individual's submission to a show of governmental authority takes the form of passive acquiescence, the court must view the seizure in view of all of the circumstances surrounding the incident and determine if a reasonable person would have

---

[3] The Court analyzes all of the Defendants' alleged violations of Plaintiff's rights under Article I, Section 13 of the California Constitution in conjunction with his Fourth Amendment rights. *See Chang v. Cnty. of Siskiyou*, 746 F. Supp. 3d 808, 827 (E.D. Cal. 2024) (stating that California ordinarily resolves questions about the legality of searches and seizures by construing the Fourth Amendment and Article I, Section 13 in tandem).

10

believed that he was not free to leave). For example, Plaintiff did not allege the length of the interrogation (merely that it was "prolonged"), where or how the interrogation took place, or how the encounter came to be.

As such, the Court finds that Plaintiff failed to sufficiently allege that Goff's detention of Plaintiff had the requisite intent to interfere with Plaintiff's Fourth Amendment right and DISMISSES Plaintiff's Bane Act claim against Goff.

### 2. Plaintiff did not sufficiently allege that Kamei interfered with Plaintiff's rights by threats, intimidation, or coercion.

Plaintiff alleges that Kamei intentionally interfered with Plaintiff's right to be free from unreasonable search and seizure when she used her political connections to pursue a criminal investigation against Plaintiff. FAC at 14. The Court finds that Plaintiff has not sufficiently alleged that Kamei attempted to interfere with Plaintiff's rights by threats, intimidation, or coercion.

"Speech alone is not sufficient to support an action brought pursuant [Cal. Civ. Code § 52.1] (b) or (c), except upon a showing that speech itself threatens violence against a specific person or group of persons; and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat." Cal. Civ. Code § 52.1(k). Plaintiff generically references "aggressive actions and threats," but only gives examples of Kamei's statements, not her actions. He alleges that Kamei "angrily asked" Plaintiff "why she was even towed" and falsely claimed "that the company who owned the reserved spaces did not exist." FAC at 6. These statements are not enough to support a § 52.1(a) claim, as they do not constitute reasonable threats of violence. None of these comments express an intent to cause any harm, and at most, only made Plaintiff feel "unsure" as to why she was asking them. *Id*.

As such, Plaintiff did not sufficiently allege that Kamei attempted to interfere with Plaintiff's rights by threats, intimidation, or coercion, and DISMISSES Plaintiff's Bane Act claim against Kamei.

11

### 3. Plaintiff did not sufficiently allege that Takeuchi interfered with Plaintiff's rights by threats, intimidation, or coercion.

Plaintiff alleges that Takeuchi attempted to interfere with Plaintiff's right to be free from unreasonable search and seizure when he used his political connections to pursue a criminal investigation against Plaintiff. FAC at 14. The Court finds that Plaintiff failed to sufficiently allege that Takeuchi's attempted interference was by threats, intimidation, or coercion.

Because Plaintiff only alleged that Takeuchi "repeatedly demanded that Defendant Kamei 'call the captain,'" with no accompanying actions, he must show that this demand itself threatened violence against a specific person or group of persons. *Id.* at 5; Cal. Civ. Code § 52.1(k). Plaintiff fails to do so. The Court is not convinced by Plaintiff's argument that a demand to call the captain is a "threat of violence" because it could "weaponize the police" and "cause serious trouble," especially because Plaintiff is a Latino man. Opp'n to Takeuchi at 6–8. The threat of violence under § 52.1(k) "must be more than tentative." *Zaiderman v. Los Angeles Cnty. Metro. Transportation Auth.*, Case No. cv-20-2548-DSF-PVCx, 2020 WL 6048178, at *3 (C.D. Cal. Sept. 3, 2020). As such, Takeuchi implicitly threatening Plaintiff with police action, which only *implied* the threat of physical force and government authority perpetrated against Plaintiff, "in no way show[s] actual violence or intimidation by the threat of violence." *Id.* Plaintiff thus only showed that he *might* have been subjected to coercion by the police, which is not enough.

As such, Plaintiff did not sufficiently allege that Takeuchi interfered with Plaintiff's rights via threats, intimidation, or coercion, and DISMISSES Plaintiff's Bane Act claim against Takeuchi.

### 4. The City of Mountain View cannot be held liable because Plaintiff has not pleaded a sufficient claim against Goff, Kamei, and Takeuchi.

Plaintiff argues that Mountain View is liable through Defendants Goff, Kamei, and Takeuchi. FAC at 13. However, because the Court has found that Plaintiff has not

sufficiently plead a Bane Act violation against any of those three defendants, the City of Mountain View, as currently pled, cannot be held liable. As such, the Court DISMISSES Plaintiff's Bane Act claim against the City of Mountain View.

### D. Plaintiff did not sufficiently allege a malicious prosecution state law claim against Takeuchi.

Plaintiff alleges that Takeuchi subjected Plaintiff to malicious prosecution by wrongfully causing a criminal proceeding to be brought against him. FAC at 17.

Under California law, a malicious prosecution claim is disfavored and requires proof that the underlying litigation: "(1) was *commenced* by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's favor; (2) was *brought* without probable cause; and (3) was *initiated* with malice." *Est. of Tucker ex rel. Tucker v. Interscope Recs., Inc.*, 515 F.3d 1019, 1030 (9th Cir. 2008) (alteration in original) (quoting *Zamos v. Stroud*, 32 Cal.4th 958, 965 (2004)). The Court finds that Plaintiff has not sufficiently shown that Takeuchi commenced the underlying litigation.

To determine whether the litigation was commenced at the direction of the defendant, the Court looks to "whether the defendant was actively instrumental in causing the prosecution." *Sullivan v. County of Los Angeles,* 12 Cal.3d 710, 720 (1974) (citations omitted). Cases dealing with actions for malicious prosecution against private persons require that the defendant has at least sought out the police or prosecutorial authorities and falsely reported facts to them indicating that plaintiff has committed a crime. *Id*.

Here, Plaintiff does not show that Takeuchi, a private person, was actively instrumental in causing the prosecution. While Plaintiff does allege that Takeuchi, jointly with Kamei, "reached out to Kamei's contacts at the Mountain View Police Department about the tow," he does not allege that Takeuchi falsely reported facts. FAC at 7. It is not enough to allege that Takeuchi "falsely claimed that Plaintiff had illegally towed their vehicle," because a legal conclusion is not a falsely reported fact.

As such, the Court finds that Plaintiff has not sufficiently alleged that Takeuchi maliciously prosecuted Plaintiff under California state law and DISMISSES Plaintiff's state law malicious prosecution claim against Takeuchi.

## IV.   CONCLUSION

Based on the foregoing, the Court DENIES all of Plaintiff's and Defendants' requests for judicial notice.

The Court also GRANTS all three motions to dismiss Plaintiff's First Amended Complaint at ECF 24, ECF 32, and ECF 35. Because the deficiencies can be remedied, the Court also GRANTS Plaintiff leave to file an amended complaint. The second amended complaint must be filed by August 4, 2025. Plaintiff may not add additional claims or parties without leave to do so by the Court. To be clear, in the interest of justice, the Court intends to allow Plaintiff to take discovery before further amending his complaint.

**IT IS SO ORDERED.**

Dated:  May 6, 2025                          _____
                                                             NATHANAEL M. COUSINS
                                                             United States Magistrate Judge

14