UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX SALCIDO,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF MOUNTAIN VIEW, et al.,<br><br>    Defendants. | Case No. 24-cv-08833-NC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>Re: ECF 87, 88 |

Plaintiff Felix Salcido alleges a claim for malicious prosecution against Defendants Christopher Goff, Ellen Kamei, and City of Mountain View following his arrest on a felony charge after he towed vehicles belonging to Kamei and others from a private lot. Defendants bring two motions to dismiss Plaintiff's third amended complaint, arguing that Plaintiff fails to state a claim, and that Goff and Kamei are entitled to qualified immunity. Because the Court agrees that Plaintiff fails to state a claim for malicious prosecution against Goff and Kamei, or a *Monell* claim against the City, the Court GRANTS the motions to dismiss. The third amended complaint is dismissed without leave to amend.

I.  **BACKGROUND**

The Court accepts the facts alleged in Plaintiff's third amended complaint as true for the purposes of this motion. Plaintiff Felix Salcido worked as a tow truck driver for Ed's Tow & Cradle, which had a contract to assist with tows of unauthorized vehicles in reserved parking spaces for a company located at 745 Evelyn Avenue, Mountain View,

1  CA. ECF 86 (TAC) ¶¶ 11–13. On April 12, 2023, Plaintiff towed three unauthorized
2  vehicles from the reserved parking spaces, including the vehicle of Mountain View City
3  Council member and Defendant Ellen Kamei. TAC ¶¶ 5, 15–19. Kamei was angry when
4  she picked up her towed vehicle and that night called Mountain View Police Department
5  Chief Max Bosel to complain of the tow. TAC ¶¶ 22–33. Chief Bosel directed Defendant
6  Sgt. Christopher Goff to investigate Plaintiff and the towing company for unlawful towing.
7  TAC ¶¶ 4, 43–44, 74. Goff conducted an investigation and prepared a police report. TAC
8  ¶¶ 49, 51–53, 55, 65, 69. The owner of one of the towed vehicles, a Tesla, ultimately
9  pressed charges against Plaintiff. TAC ¶ 73. A records specialist submitted Goff's police
10 report as part of an application for an arrest warrant for Plaintiff. TAC ¶¶ 80–84. A
11 district attorney charged Plaintiff with a felony under California law for the taking or
12 unauthorized use of a vehicle with intent to temporarily deprive the owner of possession,
13 resulting in the unreasonable seizure of Plaintiff's person, "assault, unlawful arrest, and
14 excessive force." TAC ¶¶ 8, 86–88. The charge against Plaintiff was later dismissed.
15 TAC ¶¶ 61, 90. The City at all relevant times employed Goff and Kamei. TAC ¶¶ 4–5.

16     Plaintiff filed a complaint in December 2024, followed by a first amended
17 complaint. ECF 6, 19. The Court granted Defendants' motions to dismiss the first and
18 second amended complaints with leave to amend. ECF 68, 83. Plaintiff filed a third
19 amended complaint. TAC. Defendants City and Goff, ECF 88, and Kamei, ECF 87, filed
20 motions to dismiss. Plaintiff filed oppositions to both motions. ECF 89, 90. Only
21 Defendants City and Goff replied. ECF 91. All parties have consented to the jurisdiction
22 of a magistrate judge pursuant to 28 U.S.C. § 636(c). ECF 11, 13.

23 **II.  LEGAL STANDARD**

24     A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal
25 sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To
26 survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as
27 true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.
28 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When

*United States District Court*
*Northern District of California*

reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.   DISCUSSION

Plaintiff brings one 42 U.S.C. § 1983 claim against the City and against Goff and Kamei in their individual and official capacities. TAC ¶¶ 4–5. He specifically alleges Goff and Kamei "engage[d] in a malicious prosecution against [him] to retaliate against him for towing Defendant Kamei's vehicle," causing Plaintiff to be "detained, arrested, and criminally charged in violation of his" Fourth Amendment rights. TAC ¶ 97.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Malicious prosecution with the intent to deprive a person of equal protection of the law or otherwise to subject a person to a denial of constitutional rights is cognizable under § 1983." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1069 (9th Cir. 2004) (citation omitted). To bring a Fourth Amendment malicious prosecution claim under § 1983, a plaintiff "must show that a government official charged him without probable cause, leading to an unreasonable seizure of his person." *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 558 (2024) (citing *Thompson v. Clark*, 596 U.S. 36, 43 (2022)). The plaintiff also must demonstrate "that he obtained a *favorable termination* of the underlying criminal prosecution." *Thompson*, 596 U.S. at 39 (emphasis in original).

3

Malicious prosecution claims may be brought against "persons who have wrongfully caused the charges to be filed" through, for example, "fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith." *Awabdy*, 368 F.3d at 1066–67. "[G]overnment investigators may be liable for violating the Fourth Amendment when they submit false and material information in a warrant affidavit." *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002). To prevail on a claim of judicial deception, a plaintiff "must show that the defendant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause." *Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009) (citations omitted).

The Court dismissed Plaintiff's last two complaints after concluding Plaintiff failed to plausibly allege that he was charged without probable cause, or that any alleged omissions in Goff's police report or actions by Kamei were material to the finding of probable cause. Defendants argue the third amended complaint suffers from the same shortcomings. The Court agrees and reaches the same conclusion here.

**A.    Plaintiff Fails to State a Claim for Malicious Prosecution Against Goff**

The Court found Plaintiff's second amended complaint failed to state a claim for malicious prosecution against Goff because Plaintiff failed to establish any alleged omissions from Goff's police report were material to the finding of probable cause. ECF 83 at 4. In particular, the Court observed that Plaintiff "alleges the cars towed blocked an entrance or exit, but not that Goff knew that was the case yet purposely omitted that information from his report." ECF 83 at 5. Plaintiff's third amended complaint renews his previous allegations, including that Goff omitted from his police report that he knew the tows were legal and Kamei's involvement in initiating the investigation. TAC ¶¶ 50, 54, 58, 60, 72. Although Plaintiff adds a handful of new, related allegations to the third amended complaint, they are conclusory and thus insufficient to state a claim.

First, Plaintiff's third amended complaint now alleges that "Goff knew that Kamei's vehicle[] and the Tesla had been blocking the entrance or exit" of the property when Plaintiff towed them as a result of Goff's "investigation and conversations with the

4

owners." TAC ¶¶ 55–56. Goff therefore allegedly knew and omitted that the tows were legal.[1] However, the Court finds that Plaintiff's allegations remain conclusory. The alleged details of Goff's investigation and conversations are scant and fail to plausibly establish that Goff knew the vehicles were blocking the entrance or exit of the property. Plaintiff alleges only that Goff spoke with the property manager who explained that "it was an ongoing issue for unauthorized vehicles to continually park in her company's spaces" and that Goff identified the entrances to the property, which included reserved parking spaces. TAC ¶¶ 51–53. Goff allegedly "understood that any vehicle that had been towed from the private stalls was blocking the entrance." TAC ¶ 54. But it remains unclear how Goff knew that the Tesla, specifically, was parked in one of those spaces blocking the entrance. The only allegations concerning the Tesla owner are that Goff had a conversation with him that "clearly showed" his car blocked the entrance, that Goff "was able to encourage the owner" to press charges, and that prior to pressing charges, the owner texted Plaintiff asking for a refund of the tow, apparently at Goff's encouragement. TAC ¶¶ 55, 70, 73. The Court continues to find these allegations too conclusory to establish that Goff knew the Tesla blocked the property entrance and thus could be legally towed, but failed to include this information, which would have been material to probable cause, in his police report. Likewise, the Court agrees with Defendants that Plaintiff's allegations that Goff knew the tows were legal are undermined by his allegations that Goff said there was a "'grey area' regarding the legality of the tows." TAC ¶¶ 58, 68.

Second, Plaintiff's third amended complaint alleges Goff knew that Kamei initiated the investigation into Plaintiff because "[u]pon information and belief, Chief Bosel followed up with Defendant Goff and other higher-ups in the department via in-person or verbal communications to avoid a paper trail" linking Kamei to the matter. TAC ¶¶ 43, 46, 50, 72. The Court again finds these allegations speculative, particularly given they are

---

[1] California Vehicle Code § 22658(*l*)(1)(E) permits a towing company to remove a vehicle from private property without first obtaining written authorization from the property owner if the vehicle is parked in a manner which interferes with an entrance to, or exit from, the property and the towing company and property have a written agreement.

5

1   made on information and belief even after Plaintiff has conducted discovery and
2   depositions.  Moreover, Plaintiff still "does not adequately explain how including Kamei's
3   involvement in his report would have materially changed the finding of probable cause."
4   ECF 83 at 5.  Plaintiff alleges that hiding Kamei's involvement in the investigation made
5   "the eventual arrest warrant easier for the magistrate to approve" and avoided "claims of
6   corruption or abuse of political power."  TAC ¶¶ 43, 49.  But it is not clear these
7   allegations, even if true, would have precluded the finding of probable cause if "the
8   circumstances of the tow for which Plaintiff was charged independently constituted
9   probable cause."  ECF 83 at 5.

Because the third amended complaint fails to plausibly allege Plaintiff was charged without probable cause or that Goff's alleged omissions were material to finding probable cause, Plaintiff fails to state a claim for malicious prosecution against Goff.

### B. Plaintiff Fails to State a Claim for Malicious Prosecution Against Kamei or a *Monell* Claim Against City of Mountain View

In its Order dismissing Plaintiff's second amended complaint, the Court found that Plaintiff plausibly alleged Kamei acted under color of state law when reporting the tow to Chief Bosel.  ECF 83 at 7.  But the Court nonetheless concluded that Plaintiff failed to state a claim for malicious prosecution against Kamei because he had to establish he was charged without probable cause as a result of Kamei's complaint leading to Goff's investigation, so the claim "rest[ed] on, and fail[ed] for the same reason as, his claim for malicious prosecution against Goff."  ECF 83 at 7.  Accordingly, Plaintiff again fails to state a claim for malicious prosecution against Kamei in his third amended complaint because he fails to plausibly allege that he was charged without probable cause and that Kamei's actions were material to that finding of probable cause.

Plaintiff also fails to state a claim against the City because *Monell* claims are contingent on an underlying constitutional violation by a municipal officer and the Court has found Plaintiff fails to state a claim against Goff or Kamei.  *See Lockett v. City of L.A.*, 977 F.3d 737, 741 (9th Cir. 2020).

1     Accordingly, the Court need not reach the parties' remaining arguments, including
2 on qualified immunity.

3 **IV.   CONCLUSION**

4     The Court GRANTS Defendants' motions to dismiss the third amended complaint.
5 Because Plaintiff has filed four complaints and engaged in discovery, the Court finds
6 further leave to amend would be futile and dismisses the third amended complaint without
7 leave to amend. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir.
8 2003).

9     **IT IS SO ORDERED.**

11 Dated:  November 14, 2025                    _____
                                                NATHANAEL M. COUSINS
12                                              United States Magistrate Judge